IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| VINCENT MCGRIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-070 |
| | ) | |
| OFFICER/SGT WILLIAM BURCHE and | ) | |
| OFFICER BURKE, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at Bulloch County Jail in Statesboro, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   SCREENING THE COMPLAINT

   A.   BACKGROUND

Plaintiff's complaint names as Defendants: (1) Officer/Sgt. William Burche and (2) Officer Burke. (Doc. no. 1, pp. 1, 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

At lunchtime on August 4, 2025, Plaintiff showed Defendant Burke his identification card, which contains information about Plaintiff's special lunch tray. (Id. at 4.) Due to

Plaintiff's religious beliefs, he is not supposed to receive red meat, foods with red dye, or tomatoes. (Id.) This religious lunch tray had been approved through the proper channels. (Id.) However, Defendant Burke refused to look at Plaintiff's identification and refused to provide Plaintiff with his proper lunch tray. (Id.) Defendant Burke then walked away, and after he closed the door, Plaintiff asked him if he was going to receive his food. (Id.) In response, Defendant Burke told Plaintiff to "back the fuck up" and pulled a taser on him. (Id.)

Plaintiff then pushed the panic button in his cell to tell the tower officer about Defendant Burke's refusal to provide him with his required lunch tray. (Id.) The tower officer answered but did not provide Plaintiff with any other information. (Id.) Plaintiff then went back downstairs, where he came across Defendant Burche. (Id.) Plaintiff told Defendant Burche that he had not been fed, but Defendant Burche ignored his comment and instead told Plaintiff to "take the fucking hat off your head." (Id. at 5.) Defendant Burche was referring to Plaintiff's "kuffee," which Plaintiff wears as part of his religion. (Id.) Defendant Burche then told Plaintiff, "Oh, I forget it [is] part of y'all's religion, have it your way like Burger King." (Id.) Plaintiff asked Defendant Burche what he meant by this comment, and in response, Defendant Burche pointed to several African American inmates. (Id.)

Plaintiff sues Defendants in their official and individual capacities. (Id. at 2-3.) For relief, Plaintiff seeks monetary damages, as well as for both Defendants to be "removed from facility." (Id. at 8.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However,

3

this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Free Exercise Clause or RLUIPA Claim

Plaintiff alleges Defendants' respective actions violated his religious rights, which the Court construes as claims under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. However, for the reasons described below, Plaintiff fails to state a claim under either RLUIPA or the First Amendment.

#### a. Plaintiff Fails to State an RLUIPA Claim Against Defendants

Section 3 of RLUIPA provides in relevant part, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . ." 42 U.S.C. § 2000cc-1(a). A prima facie case under section 3 of RLUIPA requires Plaintiff to show (1) he engaged in a religious exercise; and (2) the religious exercise was substantially burdened. Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277, 286 (2011) *and overruled on other grounds by* Hoever v. Marks, 993 F.3d 1353, 1363-64 (11th Cir. 2021) (*en banc*). A substantial burden is "significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Id. at 1277. The Eleventh Circuit has explained that to constitute a substantial burden on religious practice, "the government's action must be 'more than . . . incidental' and 'must place more than an inconvenience on religious exercise.' . . . That is, to constitute a substantial burden under RLUIPA, the governmental action must significantly hamper one's religious practice." Id.

4

Assuming *arguendo* Plaintiff was engaged in a religious exercise,[1] as an initial matter, Plaintiff fails to state a claim for monetary damages against Defendants in their individual capacities because "RLUIPA does not provide for an award of monetary damages against individual prison or jail officials." Green v. Dougherty Cnty. Jail, No. 1:23-CV-00061, 2023 WL 11996112, at *3 (M.D. Ga. June 27, 2023), *adopted by* 2023 WL 11996872 (M.D. Ga. Sept. 12, 2023); Smith, 502 F.3d at 1275 (concluding "section 3 of RLUIPA . . . cannot be construed as creating a private action against individual defendants for monetary damages").[2]

Furthermore, Plaintiff's RLUIPA claims fail on the merits because he does not establish Defendants' conduct was a substantial burden on his religious exercise. Concerning Defendant Burke, Plaintiff fails to establish Defendant Burke's refusal to provide him with his proper meal on one occasion rises to the level of a substantial burden. (Doc. no. 1, p. 4.) Plaintiff does not describe how failing to receive lunch on one day significantly hampered his religious exercise or otherwise coerced him, and there are no allegations Plaintiff has been refused his proper tray on any other occasion. (See generally id.) Thus, because Defendant Burke's conduct occurred on one isolated occasion, and there is no other indication his actions substantially burdened Plaintiff's religious exercise, Plaintiff fails to state an RLUIPA claim against Defendant Burke.

---

[1] Nowhere in his complaint does Plaintiff specify his religion or otherwise describe his religious beliefs. (See doc. no. 1.) However, context clues suggest he is of the Islamic faith. (See id.)

[2] The Court is aware the United States Supreme Court granted certiorari for a Fifth Circuit case concluding RLUIPA does not allow monetary damages against officials sued in their individual capacities. Landor v. Louisiana Dep't of Corr. & Pub. Safety, 82 F.4th 337, 339, 345 (5th Cir. 2023), *cert. granted* 145 S. Ct. 2814 (June 23, 2025). Nonetheless, at this time, "binding Eleventh Circuit precedent prohibits an award of money damages against state officials in their individual capacities under RLUIPA." Williams v. Pelzer, No. 5:24-CV-00706, 2025 WL 2176515, at *9 n.7 (N.D. Ala. July 31, 2025).

Likewise, Plaintiff does not show Defendant Burche's refusal to acknowledge Plaintiff had not received his lunch in addition to his insensitive comments about Plaintiff's religion constituted a substantial burden on his religious exercise. Although Plaintiff alleges Defendant Burche instructed Plaintiff to take off his "kuffee," Defendant Burche then apparently acquiesced, albeit reluctantly, to Plaintiff wearing this religious garment by conceding Plaintiff can "have it [his] way" because the kuffee is part of his religion. (Id. at 5.) Nowhere does Plaintiff allege Defendant Burche forced him to take off the kuffee or otherwise took any negative action against him for wearing it. (See id.) Accordingly, because Plaintiff does not allege Defendant Burche's inaction and comments substantially burdened his religious beliefs, he fails to state an RLUIPA claim against this Defendant.

In sum, Plaintiff fails to state an RLUIPA claim against either Defendant because the conduct about which he complains, while insensitive, does not rise to the level of a "substantial burden" on his religious exercise, as is necessary to sustain an RLUIPA claim.

### b. Plaintiff Fails to State a Claim for a First Amendment Free Exercise Clause Violation

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof." U.S. Const. amend. I. The Free Exercise clause applies to the States via the Fourteenth Amendment. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 8 n.4 (2004), *abrogated on other grounds*, Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127 (2014). "[A] complaint fails to state a Free Exercise claim if it does not allege that (1) the plaintiff holds a belief, not a preference, that is sincerely held and religious in nature, not merely secular; and (2) the law at issue in some way impacts the plaintiff's ability to either hold that belief or act pursuant to that belief." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d

6

1244, 1256-57 (11th Cir. 2012). "A 'substantial burden,' however, involves something more than an incidental effect or inconvenience on religious exercise and 'is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly.'" Robbins v. Robertson, 782 F. App'x 794, 801-02 (11th Cir. 2019) (quoting Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004)).

Assuming *arguendo* Plaintiff holds a sincere religious belief, he fails to show either Defendant Burke or Defendant Burche's actions substantially burdened his beliefs. Indeed, "[i]f a claim fails under the RLUIPA—which embeds a heightened standard for government restrictions of the free exercise of religion—it necessarily fails under the First Amendment." Dorman v. Aronofsky, 36 F.4th 1306, 1313 (11th Cir. 2022). As explained in Section I.B.2.a above, Plaintiff fails to establish either Defendant's conduct constituted a substantial burden on his religious exercise. Thus, he also fails to establish their actions substantially burdened his sincere religious beliefs in violation of the First Amendment Free Exercise Clause.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of December, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA